UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. RICE, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 16-11330

HON. AVERN COHN

**MEMORANDUM AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 18)**
**AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 15)**
**AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)**
**AND**
**DISMISSING CASE**

### I. Introduction

This is a Social Security case. Plaintiff James R. Rice, Jr., proceeding pro se, appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability benefits (benefits). Plaintiff claimed disability since 2011. The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommends that plaintiff's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted.

Before the Court are plaintiff's objections to the MJRR. For reasons that follow, the MJRR will be adopted, plaintiff's motion will be denied, the Commissioner's motion will be granted, and this case will be dismissed.

## II. Background

The MJRR accurately sets forth the relevant facts which will not be repeated here. Briefly, plaintiff was 39 years old at the time of application for benefits, has a high school education, and past relevant work as a warehouse worker and custodian. The ALJ determined that plaintiff suffered from the following severe impairments: obesity, obstructive sleep apnea, and a history of narcolepsy. The ALJ also determined that plaintiff's impairments did not render him unable to work; rather, he had the ability to perform light work with some restrictions.

The magistrate judge, reviewing the parties' motions,[1] concluded that the Commissioner did not commit any obvious errors in determining that plaintiff is not eligible for benefits.

## III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of

---

[1] As the magistrate judge noted, plaintiff's motion consists of a single page in which he contends he needs benefits and is unable to work due to his sleep condition and back pain.

2

credibility.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is "more than a scintilla but less than a preponderance."  Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938).  The substantiality of the evidence must be based upon the record taken as a whole.  Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973).  The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts."  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**IV.  Discussion**

The Court has reviewed plaintiff's objections.  Plaintiff contends the medical evidence supports his inability to work due to his sleep disorders.  He also says he has

back pain and cannot sit or stand for more than two hours.  These are the same arguments presented to the magistrate judge.  The magistrate judge carefully and fully evaluated the record in light of the ALJ's decision and concluded that substantial evidence supported the Commissioner's decision.  In so doing, the magistrate judge noted the lack of medical evidence supporting plaintiff's alleged impairments.  Overall, nothing in plaintiff's objections convinces the Court that the magistrate judge erred.

## V.  Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court.  Plaintiff's motion for summary judgment is DENIED.  The Commissioner's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.


S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2017
       Detroit, Michigan